UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN E. VAKASSIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY and<br>POLLY L. HANSON,<br><br>    Defendants. | Civil Action No. 05-0741 (JDB) |

**MEMORANDUM OPINION**

Plaintiff Jonathan Vakassian has brought this action pursuant to 42 U.S.C. §§ 1983 and 1988 against defendants Washington Metropolitan Area Transit Authority ("WMATA") and Polly Hanson, Chief of Police of the WMATA Police Department, in both her official and individual capacity. Plaintiff is suing for damages and costs stemming from his allegedly unlawful termination; he also seeks declaratory and injunctive relief. Currently before the Court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons discussed below, the Court will grant in part and deny in part defendants' motion to dismiss.

## BACKGROUND

Plaintiff is a former non-probationary WMATA Police Department officer. Compl. at ¶ 5. On March 23, 2004, Hanson handed plaintiff a written notice of termination for fourteen counts of alleged administrative misconduct. Id. at ¶¶ 10, 31. The next day, plaintiff filed a grievance with WMATA challenging the "veracity" of the misconduct allegations and the "propriety of his termination." Id. at ¶ 14.

Hanson met with representatives from plaintiff's union and then denied plaintiff's grievance on May 7, 2004. Id. at ¶ 15. Five days later, plaintiff filed a request for a trial board in order to challenge his termination. Id. at ¶ 16. According to the applicable collective bargaining agreement, plaintiff is entitled to either a trial board proceeding or arbitration upon request. Id. at ¶¶ 16, 17. Hanson denied plaintiff's request for a trial board. Id. at ¶ 19. Plaintiff subsequently sent a letter explaining the legal basis for his right to a trial board to defendants' manager of Arbitration and Mediation Administration, Matilda Broadnax. Id. at ¶¶ 20, 21. On July 7, 2004, Broadnax informed defendant (on behalf of Hanson) that his termination would not be rescinded and that a trial board would not be granted. Id. at ¶ 24. Plaintiff again petitioned Broadnax for a trial board on December 9, 2004, but was denied. Id. at ¶¶ 25, 26.

Plaintiff filed the instant action on April 12, 2005. Count I of the complaint alleges an unconstitutional deprivation of procedural due process that occurred when defendants terminated plaintiff without holding a pre-termination hearing. Count II alleges an unconstitutional deprivation of procedural due process stemming from defendants' refusal to provide plaintiff with a post-termination trial board upon request. Count III alleges a deprivation of plaintiff's liberty interest because defendants' actions have precluded plaintiff from obtaining employment

in law enforcement. Finally, Count IV is a claim for breach of contract that allegedly occurred when defendants refused to grant a trial board pursuant to the terms of the collective bargaining agreement. Plaintiff brings all four counts against WMATA and Hanson. Hanson is sued in both her official and personal capacities.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). The Federal Rules of Civil Procedure require only that a complaint contain "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005) (quoting Conley, 355 U.S. at 47)). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). The plaintiff must be given every favorable inference that is supported by the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216

F.3d 1111, 1113 (D.C. Cir. 2000). Conclusory legal and factual allegations, however, need not be considered by the court. Domen v. Nat'l Rehab. Hosp., 925 F. Supp. 830, 837 (D.D.C. 1996) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## ANALYSIS

The Court must first evaluate the extent to which sovereign immunity shields the defendants from plaintiff's claims. The Eleventh Amendment, as interpreted, bars suits against state governments by citizens. Alden v. Maine, 527 U.S. 706, 712-13 (1999). There are three general exceptions, all of which are invoked in this case: "suits against state officers for injunctive relief or money damages; suits based on consent to federal court jurisdiction; and suits pursuant to congressional statutes, especially pursuant to civil rights laws." Erwin Chemerinsky, FEDERAL JURISDICTION 409 (4th ed. 2003).

The court will address sovereign immunity first in connection with the claims against WMATA, and then will proceed to discuss the doctrine's applicability to the claims against Hanson in her official and individual capacities, respectively.

**I. Sovereign Immunity of WMATA**

Under the doctrine of sovereign immunity, the Eleventh Amendment shields states from suits brought by citizens. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989). WMATA is the product of an interstate compact between Maryland, Virginia and the District of Columbia and thus shares the sovereign immunity of those states. Barbour v. WMATA, 374 F.3d 1161, 1163 (D.C. Cir. 2004) (stating that "WMATA shares the sovereign immunity of its

state sponsors"); see Hedgepeth v. WMATA, 386 F.3d 1148, 1152 n.3 (D.C. Cir. 2004).[1] Moreover, this Circuit has held that "decisions concerning the hiring, training, and supervising of WMATA employees are discretionary in nature, and thus immune from judicial review." Burkhart v. WMATA, 112 F.3d 1207, 1216 (D.C. Cir. 1997).  The Court therefore dismisses the claims brought against WMATA in Counts I, II and III.

WMATA is not immune, however, with respect to the contract claim brought under Count IV because Burkhart extends sovereign immunity to WMATA only for certain tortious conduct, not for contract claims.  See Martin v. WMATA, 273 F. Supp. 2d 114, 118 n. 2 (D.D.C. 2003).  "Section 80 of the compact [between Maryland, Virginia and the District of Columbia creating WMATA] waives WMATA's sovereign immunity for contractual disputes."  Beebe v. WMATA, 129 F.3d 1283, 1289 (D.C. Cir. 1997).  Section 80 states in pertinent part:

> The Authority shall be liable for its contracts. . .  The exclusive remedy for such breach of contracts. . .  for which the Authority shall be liable, as herein provided, shall be by suit against the authority.

Defendant submits that plaintiff's claim under Count IV is really a disguised wrongful termination claim, and that it is immune from suit because section 80 and Burkhart do not abrogate sovereign immunity as to tort claims.  Specifically, section 80 provides that "[t]he Authority. . . shall not be liable for any torts occurring in the performance of a governmental function."  But the law allows plaintiffs to be the "masters of their cases"; so long as a claim is properly colorable under the law, the plaintiff may choose to pursue it, even though the defendant

---

[1] Nor does 42 U.S.C. § 1983, as discussed below, provide an exception to WMATA's sovereign immunity.  As plaintiff's reply concedes, "WMATA is not a person within the meaning of section 1983."  Pl. Reply at 5.

may believe that a different legal avenue is more appropriate.  Defendant may not, at its whim, convert plaintiff's breach of contract claim into a claim that sounds in tort, and then assert that sovereign immunity precludes that tort claim.  As a third-party beneficiary to the collective bargaining agreement, plaintiff is entitled to pursue a legal remedy for WMATA's alleged breach of that contract.  See Nortel Networks, Inc. v. Gold & Appel Transfer, S.A., 298 F. Supp. 2d 81, 89-90 (D.D.C. 2004).  Because WMATA's sovereign immunity is abrogated under section 80 of the compact with respect to contract claims, Count IV will not be dismissed at this juncture on grounds of sovereign immunity.

## II. Claims Against Hanson in Her Official Capacity

42 U.S.C. § 1983 creates a cause of action against any person or official who, acting under the color of law, deprives another person of rights under the federal Constitution or statutes.  Section 1983 states in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Suits against government officials in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690 n. 55 (1978)).  A distinction must be drawn, however, between official capacity suits seeking to recover damages, which are barred by sovereign immunity, and claims for prospective injunctive relief, which are permitted.

The claims for damages against Hanson in her official capacity are barred because any reward will be paid from the state treasury. If a damages award must be disbursed from government coffers, the suit "is no different than a suit against the State itself"; here, it is essentially a suit against the office of the chief of WMATA police. Will, 491 U.S. at 71; see also Graham, 473 U.S. at 166 (stating that "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself"). Therefore, the Court dismisses plaintiff's claims for damages brought against Hanson in her official capacity under Counts I, II and III.

Plaintiff's request for injunctive relief, however, is not similarly barred. As the Supreme Court has acknowledged, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official capacity-actions for prospective relief are not treated as actions against the State.'" Will, 491 U.S. at 71 n. 10 (quoting Graham, 473 U.S. at 167); see Ex Parte Young, 209 U.S. 123, 159-60 (1908); Hedgepeth, 386 F.3d at 1152 n.3 (recognizing immunity for tort claims against WMATA but allowing claims for injunctive relief against WMATA's General Manager in his official capacity). Hence, plaintiff's request for injunctive relief against Hanson in her official capacity under Counts I, II and III will not be dismissed.

Finally, there is no remedy against Hanson in her official capacity under Count IV, the breach of contract claim. The waiver of immunity in section 80 provides that the "exclusive remedy" for contract claims "shall be by suit against *the authority*." See Beebe, 129 F.3d at 1288 (emphasis added). Thus, a claim for breach of contract may only be brought against WMATA itself, not one of its employees. Therefore, the Court dismisses Count IV as it pertains to Hanson in her official capacity.

**III. Claims Against Hanson in Her Personal Capacity**

Turning now to the claims against Hanson for damages in her personal capacity under Counts I, II and III, it is well-settled that the doctrine of sovereign immunity protects only state treasuries, and does not bar suits for damages against state officers in their personal capacities. See Graham, 473 U.S. at 167. Although defendants concede that this is the applicable rule, see Def. Reply at 3, they argue that the sole damages remedy available to plaintiff is back pay, which is recoverable only from the state treasury and, accordingly, barred by sovereign immunity. Plaintiff agrees in part. Pl. Opp'n. at 13 (stating that "Vakassian acknowledges that there is no theory which could render Hanson individually liable for his backpay"). Therefore, the Court dismisses Counts I, II and III against Hanson in her personal capacity for backpay and benefits. But a claim for damages other than backpay and benefits may be brought against Hanson in her personal capacity under Counts I, II and III, and hence will not be dismissed at this time based on defendants theory of sovereign immunity.

As a final note, plaintiff's claim for injunctive relief against Hanson in her personal capacity might not be barred, but it is redundant given that the injunction is properly brought against Hanson in her official capacity. See Doe v. Israel, --- F. Supp. 2d ---, 2005 WL 3037142, 9 (D.D.C. Nov. 10, 2005) (noting that it is appropriate to consider whether actions against individual government officers in their personal capacities are merely "disguised actions against the sovereign") (quoting Park v. Shin, 313 F.3d 1138, 1144 (9th Cir. 2002)). Hanson can grant a trial board in her personal capacity no more than any average citizen. It is only in her role as chief of police that this may be accomplished.

Furthermore, just as section 80 of the compact bars the contract claims against Hanson in her official capacity, it likewise bars the same claim against her in her personal capacity. Hence, Count IV is dismissed against Hanson in her personal capacity as well.

**IV. Attorney's Fees**

Plaintiff also seeks damages in the form of attorney's fees and costs. 42 U.S.C. § 1988 limits the award of attorney's fees in civil rights cases to a "prevailing party." A party is considered to have prevailed only if it has "established entitlement to some relief on the merits of [its] claims, in the trial court or on appeal." Hanrahan v. Hampton, 446 U.S. 754, 757 (1980). The Supreme Court later elaborated in Hensley v. Eckerhart, 461 U.S. 424 (1983), that a plaintiff is a prevailing party only if he succeeds on "any significant issue . . . which achieves some of the benefit that the parties sought in bringing suit." Id. at 433.

In the present case, in order to be a prevailing party, plaintiff would have to secure a judgment establishing that his procedural due process rights had been violated and an injunction or award of damages that would achieve at least some of the remedy sought. See, e.g., Fast v. School Dist. of Ladue, 728 F.2d 1030, 1033-34 (8th Cir. 1984) (holding that plaintiff was a "prevailing party" because the district court ruled that her procedural due process rights had been violated when she was denied a post-termination hearing and issued an injunction granting her a hearing). This Court has only determined that some of plaintiff's claims should not be dismissed at this juncture. If the ultimate result of litigation concerning those claims renders plaintiff a "prevailing party" under

§ 1988, then plaintiff may be entitled to recover attorney's fees.[2]  But not yet.  Thus, the Court will deny, but not dismiss, plaintiff's claims for such a remedy at this time.

## CONCLUSION

The Court finds that WMATA is immune under Counts I, II and III, but not under Count IV.  Hanson is immune in her official capacity as to Counts I, II and III with respect to damages, but not prospective injunctive relief.  Moreover, Hanson is completely immune as to Count IV in both her official and personal capacity.  In her personal capacity, however, Hanson may be sued for damages under Counts I, II, and III.  All claims as to which a defendant is immune will be dismissed.  A separate order is issued on this date.

             /s/ John D. Bates
              JOHN D. BATES
         United States District Judge

Dated:   December 14, 2005

Copies to:

Stephen G. DeNigris
LAW OFFICES OF STEPHEN G. DeNEGRIS
2100 M Street, N.W.
Suit 170-283
Washington, D.C. 20037
e-mail: sgd853@aol.com
    *Counsel for plaintiff*

---

[2]  It is worth noting that a judgment on a claim brought against Hanson in her personal capacity cannot lead to imposition of fee liability upon WMATA because "[a] victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him." Graham, 473 U.S. at 167-68.

Jeffrey C. Seaman
WMATA OFFICE OF THE GENERAL COUNSEL
600 Fifth St., N.W.
Washington, D.C. 20001
e-mail: jcseaman@wmata.com
    *Counsel for defendants*